# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| SANTOS SILVESTRE LOPEZ HIDALGO, | ) ) ) | Case No. 1:20-CV-5 |
| *Petitioner*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Christopher H. Steger |
| CHAD F. WOLF, JULIE L. MYERS, and THE UNITED STATES OF AMERICA, | ) ) ) ) | |
| *Respondents*. | ) ) | |

---

## MEMORANDUM OPINION

---

Petitioner Santos Silvestre Lopez Hidalgo, a Guatemalan national, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Department of Homeland Security Immigration and Customs Enforcement ("DHS/ICE") pending removal proceedings [Doc. 1]. The petition is before the Court for screening. *See* 28 U.S.C. § 2243 (requiring court to award writ or issue order directing answer "unless it appears from the application that the applicant or person detained is not entitled thereto").

## I.      ALLEGATIONS OF PETITION

Petitioner maintains that he fled his native Guatemala "to escape persistent prosecution" and illegally entered the United States in 2009 [Doc. 1 p. 3]. On or about January 3, 2020, he was arrested by Tennessee State officials and is currently detained by ICE in a facility in Dayton, Tennessee [*Id.*]. Alleging that he is neither a flight risk or a danger to society, Petitioner

maintains that his continued detention is unconstitutional and violative of the United States Constitution [*Id.* at 4].

## II.     DISCUSSION

Section § 2241 permits the grant of a writ of habeas corpus upon a determination that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.[1]  Under 8 U.S.C. § 1226, the Attorney General or Secretary of the Department of Homeland Security ("Secretary") has the authority to arrest and detain any noncitizen pending a decision on whether he or she is to be removed from the United States.  8 U.S.C. § 1226(a) and (c); *see also Nielsen v. Preap*, 139 S. Ct. 954, 959 & n. 2 (2019) (noting Secretary is empowered to enforce Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*.).  The Supreme Court has held that "[d]etention during removal proceedings is a constitutionally permissible" exercise of authority under the removal statutes.  *See, e.g., Demore v. Kim*, 538 U.S. 510, 531 (2003).  Here, Petitioner concedes that he is a noncitizen who entered the United States illegally approximately eleven years ago, and he concedes that he is subject to removal under the laws of the United States.  Therefore, Petitioner has failed to state a cognizable federal habeas claim, and his petition will be **DISMISSED**.

## III.     CONCLUSION

For the foregoing reasons, the instant petition for a writ of habeas corpus [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**.  Additionally, it is **CERTIFIED** that any appeal from this decision would not be taken in good faith and would be totally frivolous, and therefore,

---

[1] While federal district courts lack jurisdiction to resolve certain immigration-related issues, *see e.g.*, 8 U.S.C. § 1252, district courts have jurisdiction to resolve petitions under § 2241 for "claims arising out of immigration detention."  *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)).

should Petitioner appeal this decision, he will be **DENIED** permission to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**